### In re PORTLAND ELECTRIC POWER CO.
No. B. 23986.
No. 767.

United States District Court, D. Oregon.
June 24, 1940.

See also, D.C., 97 F.Supp. 857.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

The petitions of Thos. W. Delzell and R. L. Clark, independent trustees of the debtor, and of Ralph H. King, Esq., their attorney, for interim allowances for services performed in behalf of the debtor, were referred to Hon. Estes Snedecor, as Special Master, based upon appropriate notice by direction of the Court. Hearings were had and in an elaborate report it is recommended that each of the trustees be allowed $450 per month and the attorney $800 per month. The petitions asked for $750 per month for the trustees and $1,000 per month for the attorney. The representative of the Securities and Exchange Commission, which abandoned the practice of setting of fees in cases in which it has intervened as a party, indicated that the allowances should be on the basis of $500 per month for the trustees, respectively, and $900 for the attorney.

Thos. W. Delzell was appointed May 1, 1939. R. L. Clark became an independent trustee August 2, 1939, and these trustees employed Ralph H. King as attorney August 7, 1939, which employment was later formally approved by the Court. No compensation has been received by any of the three for the services thus rendered. On October 24, 1939, applications were filed with the Securities and Exchange Commission for approval of maximum amounts of interim allowances, but the Commission abandoned jurisdiction over these applications after hearings had been held thereon. Two creditors filed objection to the allowance of compensation. A group of bondholders recognized the right of compensation, but were of opinion the amounts originally asked for were too high, while another group favored these allowances. No objection has been made to the recommendations of the Special Master.

The trustees are shown by the record to be able, disinterested men who have devoted their time and energy to conserving the property and increasing the financial worth and standing of the debtor. It was necessary to lay a foundation for a reorganization plan, to review and appraise the kaleidoscopic financial operations of the companies, and its conduct. To get a summary required a considerable expenditure of time, coupled with energy and ability to analyze and appraise. The report was filed February 15, 1940. Just prior to the filing of the petition for reorganization, and on March 10, 1939, Guaranty Trust Company had caused the transfer of the stocks of Portland General Electric Company and Portland Traction Company, the principal subsidiaries of debtor, to its nominee. The legal and factual questions arising over the control of these subsidiaries have raised many problems for the trustees which are still unsettled. The trustees have made savings by reducing the operating loss upon the interurban line and eliminating charges for officers' salaries and legal retainers, and have made great savings in the sale of scrap. Investigations of numerous transactions of the debtor and its group of companies in the past have been required, and litigation will result from part of these studies. Whether such transactions result in any gain to debtor, they were required by the situation in order to lay basis for a proper

plan. The efforts of the trustees to gain control of the subsidiaries has resulted in new management thereof, which has reported economies of about $200,000 per year.

These results could not have been accomplished without the services of Mr. King. The record shows him to be an able lawyer of high standing, skilled in the handling of large financial transactions. His investigations and conduct of legal proceedings may not result in recoveries for the debtor, but are necessary to clear the ground and remove all questions as to legality of the present debt structure before the debtor can have an opportunity to effect a sound reorganization. The detail of the time spent by Mr. King and his organization is carefully detailed and shows that he has devoted himself almost exclusively to the services of the debtor.

The report is approved.

See also D.C., 97 F.Supp. 857.